Filed 7/12/21  P. v. Watson CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C092536 |
| Plaintiff and Respondent, | (Super. Ct. Nos. P20CRF0004, P20CRF0021, P20CRF0022) |
| v. | |
| JAMES MICHAEL WATSON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant James Michael Watson filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Because defendant failed to obtain a certificate of probable cause for his appeal from the denial of his motion to withdraw his plea, we will dismiss the appeal.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

On November 17, 2019, defendant assaulted the victim with a deadly weapon.  In case No. P20CRF0004, defendant was charged:  in count 1 with assault with a firearm (Pen. Code, § 245, subd. (a)(2), statutory section references that follow are found in the Penal Code, unless otherwise set forth); in counts 2 and 4 with possession of a firearm by a felon (§ 29800, subd. (a)(1)); and in count 3 with reckless evasion (Veh. Code, § 2800.2).  The complaint also alleged four prior serious/violent felonies under sections 1170.12, subdivisions (a) through (d), and 667, subdivisions (b) through (i).

On December 22, 2019, defendant threatened to commit a crime that could result in death or great bodily injury to a second victim.  In case No. P20CRF0021, defendant was charged with one count of criminal threats (§ 422).  The information also alleged four prior serious felonies under sections 1170.12, subdivisions (a) through (d); 667, subdivision (a)(1); and 667, subdivisions (b) through (i).

Between November 9, 2019 and November 12, 2019, defendant entered an inhabited dwelling occupied by a third victim, with the intent to commit larceny or another felony.  In case No. P20CRF0022, defendant was charged in count 1 with first degree residential burglary (§ 459) and in count 2 with grand theft of a firearm (§ 487, subd. (d)(2)).  The complaint alleged enhancements under sections 1170.12, subdivisions (a) through (d); 667, subdivisions (b) through (i); and 667, subdivision (a).

During a consolidated plea hearing on March 17, 2020, in case No. P20CRF0004, defendant pleaded no contest to assault with a deadly weapon (§ 245, subd. (a)(1)), two violations of possession of a firearm by a felon (§ 29800, subd. (a)(1)), and admitted a prior strike.  The remaining three prior strikes were dismissed.  In case No. P20CRF0021, defendant pleaded no contest to criminal threats (§ 422) and admitted a prior strike for the five-year enhancement under section 667, subdivision (a).  In case No. P20CRF0022,

2

he pleaded no contest to first degree residential burglary and admitted one strike, with the remaining three being dismissed.

Following the plea, the trial court immediately imposed judgment, an aggregate sentence of 19 years. The court designated the burglary charge in case No. P20CRF0022 the principle term and imposed the midterm of four years, doubled by a prior strike. In case No. P20CRF0021, the court imposed a consecutive 16 months (one third the midterm, doubled by a prior strike) for the criminal threats in addition to five years on the enhancement under section 667, subdivision (a). In case No. P20CRF0004, the court imposed a consecutive two years (1/3 midterm, doubled by a prior strike) for the assault with a deadly weapon, and 16 months (1/3 midterm, doubled by prior strike) for each of the two violations for being a felon in possession of a firearm. The court stayed all of the fines and fees, without objection. The court awarded 160 days presentence custody credits (80 actual days plus 80 conduct credits).

On April 23, 2020, defendant wrote a letter to the court asking to withdraw his plea and asking for a hearing on substitution of counsel under *People v. Marsden* (1970) 2 Cal.3d 118. Defendant subsequently withdrew the *Marsden* motion, and the court scheduled a hearing on his request to withdraw his plea. On July 6, 2020, defendant filed a written motion to withdraw his plea, based on his having been under the influence of lithium. He also submitted a letter to the court, explaining the side effects of lithium and how they affected his behavior and judgment. The district attorney opposed the motion, arguing that defendant's plea was knowing and voluntary, and that he was asked, specifically, if he was under the influence of anything that would affect his ability to understand the plea.

On August 10, 2020, the court conducted a hearing and advised defense counsel that the motion was untimely, and that it had no authority, under section 1018, to withdraw the plea. The court denied the motion, but accommodated defense counsel's

request to do further research, and bring the motion again.  There is no evidence in the record of any further actions on the motion.

Defendant filed a timely notice of appeal from his motion to withdraw the plea but did not obtain a certificate of probable cause.

DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

A defendant may move to set aside a guilty or no contest plea for good cause at any time before entry of judgment.  (§ 1018.)  " 'Mistake, ignorance or any other factor overcoming the exercise of free judgment is good cause for withdrawal of a guilty plea' under section 1018 . . . ." (*People v. Patterson* (2017) 2 Cal.5th 885, 894.)  A defendant must support his or her claim with clear and convincing evidence.  (*Id.* at p. 894.)  We review a trial court's decision whether to allow a defendant to withdraw a plea for an abuse of discretion.  (*Ibid.*)

Because defendant's appeal from the denial of his motion to withdraw his plea goes to the validity of the plea itself, the order is only appealable if defendant first obtains a certificate of probable cause under section 1237.5.  (*People v. Johnson* (2009) 47 Cal.4th 668, 679 ["A defendant must obtain a certificate of probable cause in order to appeal from the denial of a [section 1018] motion to withdraw a guilty plea, even though such a motion involves a proceeding that occurs after the guilty plea"]; see § 1237, subd. (a) [providing for appeal only from final judgment of conviction, except as provided in § 1237.5].)  Because defendant pleaded no contest and failed to obtain a certificate of

4

probable cause, we dismiss his appeal.  (*Johnson*, at p. 675; see *People v. Panizzon* (1996) 13 Cal.4th 68, 89-90 [directing Court of Appeal to dismiss appeal from challenge to sentence entered after negotiated plea].)

DISPOSITION

The appeal is dismissed.

HULL, Acting P. J.

We concur:

MAURO, J.

DUARTE, J.